IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ACER INC., <br><br> Defendant. | Cas No. 2:24-cv-000179-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT ACER INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Defendant Acer Inc. ("Acer" or "Defendant") answers Plaintiffs Malikie Innovations Ltd.'s and Key Patent Innovations Ltd.'s (collectively "Plaintiffs") Amended Complaint ("Complaint") for Patent Infringement and Jury Demand as follows:

**PARTIES**

1. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and on that basis denies them.

2. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2, and on that basis denies them.

3. Acer admits that Acer Inc. is a corporation duly organized and existing under the laws of Taiwan with a place of business at 1F, 88, Sec. 1, Xintai 5th Road, Xizhi District, New Taipei City 221, Taiwan.

4. Acer admits that Acer America is a subsidiary of Acer located in the United States and that Acer America imports certain Acer-branded products into the United States and sells them. Unless otherwise admitted, Acer denies the allegations of paragraph 4.

1

5. Denied.

6. Denied.

7. Denied.

**PATENTS IN SUIT**

8. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, and on that basis denies them.

9. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and on that basis denies them.

10. Acer admits that the '847 patent states on its face that the "Date of Patent" is December 18, 2012, and the title of the patent is "System having user interface using object selection and gestures." Acer admits that what appears to be a copy of the '847 patent is attached to the Complaint as Exhibit 1. Unless otherwise admitted, Acer denies the allegations of paragraph 10.

11. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and on that basis denies them.

12. Acer admits that the '397 patent states on its face that the "Date of Patent" is December 17, 2013, and the title of the patent is "Battery Charger for Portable Devices and Related Methods." Acer admits that what appears to be a copy of the '397 patent is attached to the Complaint as Exhibit 2. Unless otherwise admitted, Acer denies the allegations of paragraph 12.

13. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and on that basis denies them.

14. Acer admits that the '147 patent states on its face that the "Date of Patent" is November 3, 2015, and the title of the patent is "Soft Decision and Iterative Video Coding for MPEG and H.264." Acer admits that what appears to be a copy of the '147 patent is attached to

the Complaint as Exhibit 3.  Unless otherwise admitted, Acer denies the allegations of paragraph 14.

15.     Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15, and on that basis denies them.

16.     Acer admits that the '066 patent states on its face that the "Date of Patent" is March 22, 2016, and the title of the patent is "Configuring Cable Lines to Provide Data and Power."  Acer admits that what appears to be a copy of the '066 patent is attached to the Complaint as Exhibit 4.  Unless otherwise admitted, Acer denies the allegations of paragraph 16.

17.     Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, and on that basis denies them.

## JURISDICTION AND VENUE

18.     Acer incorporates by reference its responses to paragraphs 1-17 of the Complaint herein.

19.     Acer admits that the Complaint purports to arise under the Patent Laws of the United States and that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied

28. Denied

29. Acer admits that certain Acer-branded products have been sold in the United States by third party resellers, such as Amazon.com, BestBuy, and Walmart. Unless otherwise admitted, Acer denies the allegations of paragraph 29.

30. Acer admits that certain Acer-branded products have been sold in the United States by third party resellers, such as Target, BestBuy, and Walmart.

31. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31, and on that basis denies them.

32. Denied.

33. Acer admits that it is a foreign entity. Unless otherwise admitted, Acer denies the allegations of paragraph 33.

## FIRST CLAIM (Infringement of the '847 Patent)

34. Acer realleges and incorporates herein by reference its responses to paragraphs 1-33 of the Complaint.

35. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35, and on that basis denies them.

36. Acer admits that it became aware of the '847 Patent on or around August 25, 2016. Unless otherwise admitted, Acer denies the allegations of paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## SECOND CLAIM ( Infringement of the '397 Patent)

42. Acer realleges and incorporates herein by reference its responses to paragraphs 1-41 of the Complaint.

43. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43, and on that basis denies them.

44. Acer admits that it became aware of the '397 Patent on or around July 28, 2020. Unless otherwise admitted, Acer denies the allegations of paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## THIRD CLAIM (Infringement of the '147 Patent)

50. Acer realleges and incorporates herein by reference its responses to paragraphs 1-49 of the Complaint.

51. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51, and on that basis denies them.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## FOURTH CLAIM (Infringement of the '066 Patent)

58. Acer realleges and incorporates herein by reference its responses to paragraphs 1-57 of the Complaint.

59. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59, and on that basis denies them.

60. Acer admits that it first received notice of the '066 Patent with the filing of this Complaint. Unless otherwise admitted, Acer denies the remaining allegations of this paragraph 60.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied

## RESPONSE TO JURY DEMAND

66. Plaintiffs' Jury Demand does not require a response by Acer.

## DENIAL OF PLAINTIFFS' REQUEST FOR RELIEF

Acer denies that Plaintiffs are entitled to any relief in this action and respectfully requests that the Court deny Plaintiffs' request for any and all relief as stated in the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof excepted those imposed by law and without reducing or removing Plaintiffs' burden of proof on its affirmative claims, Acer alleges and asserts the following defenses in response to Plaintiffs' Complaint. Acer reserves the right to amend its answer with additional defenses as further information is obtained.

## FIRST DEFENSE:
## FAILURE TO STATE A CLAIM

Plaintiffs have failed to state a claim upon which relief can be granted.

6

## SECOND DEFENSE:
## NON–INFRINGEMENT

Acer has not infringed and does not infringe and has not induced and does not induce others to infringe, any valid and enforceable claim of the Patents-in-Suit, either directly, indirectly, contributorily, individually, jointly, willfully, by inducement, literally, or under the doctrine of equivalents.

## THIRD DEFENSE:
## INVALIDITY

The Patents-in-Suit are invalid for failing to comply with one or more provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112 and the rules and laws pertaining to those provisions.

## FOURTH DEFENSE:
## UNAVAILABILITY OF INJUNCTIVE RELIEF

Plaintiffs are not entitled to injunctive relief under *eBay v. MercExchange, LLC*, 126 S. Ct. 1837, 547 U.S. 388 (2006) because, inter alia, any alleged injury to Plaintiffs would not be immediate or irreparable, Plaintiffs would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## FIFTH DEFENSE:
## USE/MANUFACTURE BY/FOR UNITED STATES GOVERNMENT

To the extent that any accused product or method has been used or manufactured by or for the United States, Plaintiffs' claims and demands for relief are barred by 28 U.S.C. § 1498.

## SIXTH DEFENSE:
## LACK OF MARKING

On information and belief, Plaintiffs have not established or alleged that it and/or its predecessors in interest or licensees marked any of their products that practice the Patents-in-Suit,

and thus, is not entitled to recover damages for any alleged infringement occurring before Acer was given actual notice of infringement.

### SEVENTH DEFENSE:
### FRAND

On information and belief, Plaintiffs are estopped from seeking a royalty that is not compliant with Plaintiffs' FRAND obligations.

### EIGTH DEFENSE:
### LACK OF STANDING

On information and belief, Plaintiffs have not established that it owns all right, title, and interest in one or more of the asserted patents sufficient to give it standing to bring this action.

### RESERVATION OF ADDITIONAL DEFENSES

Acer's investigation of its defenses is continuing, and Acer expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### PRAYER FOR RELIEF

WHEREFORE, Acer prays for relief as follows:

1. Denial of all claims for relief set forth in the Complaint and entry of judgment in favor of Acer and against Plaintiffs;

2. Declaring that Acer has not infringed and is not infringing any valid and/or enforceable claim of the Patents-in-Suit directly, indirectly, contributorily, individually, jointly, willfully, by inducement, literally, or under the doctrine of equivalents;

3. Declaring that each asserted claim of the Patents-in-Suit are invalid and/or unenforceable;

4. Declaring that this case is exceptional pursuant to 35 U.S.C. § 285;

5. Awarding Acer its costs and attorneys' fees in connection with this matter; and

6. Such other and further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Acer requests a trial by jury for all issues triable of right by a jury in the above-captioned case.

Dated: September 13, 2024

Respectfully submitted,

By: */s/ Brian Craft*
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: bcraft@findlaycraft.com

Craig Kaufman (CA Bar No. 159458)
TECHKNOWLEDGE LAW GROUP LLP
20660 Stevens Creek Blvd., Suite 381
Cupertino, CA  95014
Tel: (650) 517-5200
Fax: (650) 562-8054
ckaufman@tklg-llp.com

***Attorneys for Defendant Acer Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 13, 2024, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel who have appeared.

*/s/ Brian Craft*
Brian Craft